**UNITED STATES of America**

v.

**Cordell LOCHIN, Defendant.**

**Criminal No. 05–86–P–H–04.**

United States District Court, D. Maine.

Nov. 13, 2007.

Daniel J. Perry, Office of the U.S. Attorney, District of Maine, Portland, ME, for Plaintiff.

Mark S. DeMarco, Bronx, NY, Richard S. Berne, Berne & Bischoff, LLC, Portland, ME, for Defendant.

## SENTENCING MEMORANDUM

D. BROCK HORNBY, District Judge.

Caselaw is clear in this District and the First Circuit that, in order to qualify for the "safety valve," a defendant must make a full and complete proffer to the government before the sentencing hearing begins. *See United States v. Matos,* 328 F.3d 34, 39 (1st Cir.2003); *United States v. Grant,* No. 04–45, at 4–5 (D.Me. Aug. 25, 2006) (presentence order). This case presents an unusual twist: what happens if a defendant has satisfied that requirement, but then, during the sentencing (interrupted for unrelated reasons), makes another proffer in which he is not truthful? Although it is a close call, I conclude that the defendant still qualifies for the safety valve, but that his untruthful conduct (if I find that it has occurred) may jeopardize his acceptance of responsibility, affect where within the Guideline range I sentence him, and put him at risk of an upward departure or an upwardly variant sentence.

The so-called "safety valve" is a statutory and guideline provision that removes the statutory minimum sentence (here, five years) for certain first-time drug offenders and lowers the guideline offense level by two levels. 18 U.S.C. § 3553(f); *U.S. Sentencing Guidelines Manual* § 5C1.2; *see also id.* § 2D1. 1(b)(9). There are five conditions: (1) a maximum of one criminal history point; (2) no violence or dangerous weapons; (3) no serious injury to another; (4) no supervisory role; and (5) a full and complete proffer to the government about all offenses that are part of the same course of conduct or common scheme or plan, at a time "not later than the time of the sentencing hearing." 18 U.S.C. § 3553(f)(1)-(5); *Guidelines Manual* § 5C 1.2(a)(1)-(5).

The sentencing of this defendant began on June 28, 2007. *See* Minute Entry (Docket Item 352). According to the Government's Sentencing Memorandum, at 1 (Docket Item 372), at that time he had satisfied all the safety valve criteria, including the requirement of a full and complete proffer. But then the sentencing was interrupted five times and still remains to be completed. In the meantime, the defendant has made yet another proffer to the government, and in this one the government maintains that he has not been truthful. *Id.,* n. 1. What should be the consequence?

Judge Woodcock has interpreted the Guideline and statutory language to mean that only disclosures "prior to the sentencing hearing" count. *Grant,* No. 04–45, at 4–5. His conclusion flows directly from the First Circuit decision in *Matos,* which stated that "the deadline for making truthful and complete disclosure is the moment that the sentencing hearing starts." 328 F.3d at 39. In both those cases, the defendant wanted to get the safety valve by having "come clean" during the sentencing proceeding itself, when earlier he had been untruthful or incomplete. *See id.* at 39 & n. 3; *Grant,* No. 04–45, at 3. Establishing the deadline for truthfulness as the moment the sentencing hearing starts, however, does not necessarily mean that truthful behavior up until then immunizes later dishonesty.

In fact, the Guidelines provide a number of remedies for untruthful behavior during the sentencing proceeding. Here, for ex-

ample, the government has withdrawn its previously filed motion for a 5K1.1 downward departure. In addition, the three-level reduction for acceptance of responsibility under Guideline 3E1.1 is always open until sentence is pronounced. The choice of where within the relevant range to sentence likewise remains open until the end. The *Booker* variance factors in 18 U.S.C. § 3553(a) explicitly allow consideration of "characteristics of the defendant" and the need to "promote respect for the law," both of which seem implicated here. *See United States v. Booker,* 543 U.S. 220, 259–60, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Perhaps even a Guideline upward departure is available, given the two-level decrease that 2D 1.1(b)(9) provides and the absence of any indication that the Commission ever considered that a previously truthful defendant might become a prevaricator during the sentencing hearing. If the safety valve remains, what the defendant has gained is the removal of the statutory sentencing floor.

I conclude that it is best to read *Matos,* 328 F.3d at 39, and *Grant,* No. 04–45, at 4–5, as applying the safety valve to defendants who are truthful up until the beginning of the sentencing hearing, but then become untruthful. The government agrees. *See* Gov't Sentencing Mem. (Docket Item 372). That conclusion is consistent with the statutory language, which does not suggest the measuring point ("not later than the time of the sentencing hearing") should differ according to the defendant's behavior. Keeping the rule symmetrical makes it easier to understand and apply. It also serves the purpose of having, in advance of the hearing, a considered position from the government (who after all has to make the first assessment of what the defendant has said). Given the other ways I have listed by which a defendant jeopardizes his/her sentence in becoming untruthful during sentencing, I do not believe that keeping the rule symmetrical creates a serious incentive to attempt to manipulate the process.

Consequently, the safety valve will continue to apply to this defendant. He is, however, at risk of the other possibilities I have enumerated.

So Ordered.